UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GODFREY MADUKWE**, <br><br> Plaintiff, <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** <br><br> Defendant. | Civ. A. No. 03-1999 (JMF) |

**ORDER**

This case was originally set for trial on October 14, 2004. Because plaintiff had failed to appear for his deposition and because plaintiff and his counsel failed to appear at the original pretrial conference, held on September 28, 2004, I vacated the October trial date, set a new discovery period, and set new dates for the pretrial conference and trial. I also ordered the following: "Any failure by plaintiff to abide by deadlines, appear at depositions, attend court hearings, or disregard any other court order will result in dismissal of this case with prejudice." Order, Oct. 22, 2004, at 3.

At a status conference held on November 2, 2004, plaintiff's counsel, Mr. Arhin, represented to the court that he would soon be relocating to Ghana. I granted his motion to withdraw on the condition that, before his withdrawal, plaintiff's counsel return plaintiff's file to the attorneys in New York who had referred the case to him and communicate the events of the

November 2, 2004 status conference to those attorneys.[1]  Order, Nov. 5, 2004.  I also ordered that plaintiff retain new counsel before the next status conference or he would proceed *pro se.* Id.

At a status conference held on January 27, 2005, Mr. Madukwe indicated that he anticipated that his former counsel, Ms. Nelsia Charles, would represent him again and that she would enter her appearance shortly.  In a conversation with my law clerk, however, Ms. Charles stated that neither she nor her firm would represent Mr. Madukwe in this case.  I issued an order recounting this conversation, and I also reminded the parties that the dates set in the scheduling order were firm, whether Mr. Madukwe proceeded *pro se* or retained other counsel. Order, Feb. 7, 2005.

At the pretrial conference held on April 18, 2005, Mr. Madukwe indicated, once again, that he wanted to retain a lawyer and that he had spoken to someone about representing him.  However, he did not know the name of that attorney.  He also indicated that the attorney wanted to review his file before deciding whether to represent him.

During the pretrial conference, I reminded Mr. Madukwe that, whether he is able to retain counsel or not, this case will proceed according to schedule.  Indeed, plaintiff is, hereby, **ORDERED** to file a written statement with the court, by April 25, 2005, indicating whether he has retained counsel or not, and if so, the name, phone number, and address of his attorney.  That attorney must also file his or her appearance by April 25, 2005.  If counsel does not enter his or

---

[1] Whether plaintiff's former counsel, Mr. Arhin, has complied with this Order is unclear. During the pretrial conference, I contacted the New York firm that originally referred this case to Mr. Arhin to determine whether any attorneys knew of the whereabouts of Mr. Madukwe's file. My law clerk also contacted Ms. Charles after the pretrial conference.  Unfortunately, no one from that firm has returned the court's calls regarding the status of Mr. Madukwe's files. Similarly, despite two calls to Mr. Arhin's law offices, no one from that office has returned the court's calls as to the whereabouts of plaintiff's file.

her appearance by April 25, 2005, Mr. Madukwe will proceed to trial *pro se.*

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

April 20, 2005